UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| UNITED STATES OF AMERICA, | 3:18-CR-30099-RAL |
|---|---|
| Plaintiff, | |
| | OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR SENTENCING REDUCTION |
| vs. | |
| ADAM WESTPHAL, | |
| Defendant. | |

Defendant Adam Westphal pleaded guilty to one count of conspiracy to distribute a controlled substance and two counts of possession of an unregistered firearm. Westphal admitted being in a conspiracy to distribute 500 grams or more of a mixture containing methamphetamine, and admitted possessing an unregistered short-barrel shotgun and an unregistered silencer during the time of the conspiracy. Docs. 69, 71, 81. Westphal's convictions on those offenses triggered a mandatory minimum 10-year sentence under 21 U.S.C. § 841(b)(1)(A). This Court sentenced Westphal in July 2019 to 120 months' imprisonment on count one and 97 months on the firearms convictions with all but six months to run concurrent to the 120 months' sentence. Doc. 86. He is serving his sentence at Rochester FMC, with a projected release date of May 24, 2026. See www.bop.gov/inmateloc. Westphal filed a pro se motion for sentence reduction asserting that he is a zero-point offender. Doc. 95.

Westphal's guidelines range, based on a total offense level of 30 and a Criminal History Category of I, was 97–121 months. Doc. 81. But 21 U.S.C. § 841(b)(1)(A) mandated a term of

imprisonment that was 120 months on the drug conspiracy conviction. Westphal's motion for reduction of sentence is based on a change to § 4A1.1 of the United States Sentencing Guidelines for "zero point" offenders. Doc. 95.

In Part B, Subpart 1 to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission, effective November 1, 2023, provides a 2-offense-level reduction for many offenders who present zero criminal history points. The new provision on who qualifies for such a reduction states:

> §4C1.1. Adjustment for Certain Zero-Point Offenders
> (a) ADJUSTMENT.—If the defendant meets all of the following criteria:
>     (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
>     (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);
>     (3) the defendant did not use violence or credible threats of violence in connection with the offense;
>     (4) the offense did not result in death or serious bodily injury;
>     (5) the instant offense of conviction is not a sex offense;
>     (6) the defendant did not personally cause substantial financial hardship;
>     (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>     (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);
>     (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and
>     (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; decrease the offense level determined under Chapters Two and Three by 2 levels.

On August 24, 2023, the Sentencing Commission determined that this change would apply retroactively. The Sentencing Commission further directed that a court granting relief may not order the release of a defendant to occur any earlier than February 1, 2024. See § 1B1.10(e)(2) (Nov. 1, 2023).

Westphal fails to meet the criteria for such a sentence reduction. Eligibility for a sentence reduction for zero-point offenders requires a person to meet each of the criteria stated above, and

Westphal does not meet criteria (a)(7), which states that "the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon . . . in connection with the offense." Westphal pleaded guilty to two counts of possession of an unregistered firearm. The presentence investigation report reveals that 3.69 grams of methamphetamine was discovered in the handle grip of Westphal's Ruger AR 556 and that 9 firearms were seized on December 20, 2017, from Westphal's property and another 3 firearms and a destructive device were seized on June 9, 2018, from Westphal's property. Doc. 81. Thus, he does not qualify for a reduction under U.S.S.G. § 4C1.1 and remains in the group of offenders covered by 21 U.S.C. § 841(b)(1)(A) who must receive a mandatory minimum 120-month sentence.

This Court is pleased to read that Westphal has completed his GED and programming on drug addiction, parenting and traumatic stress and resilience, as well as becoming a mental health/suicide companion. But this Court lacks the authority or ability to reduce his sentence below the mandatory minimum or otherwise currently. Therefore, it is

ORDERED that Westphal's motion for sentence reduction, Doc. 95, is denied.

DATED this 13th day of February, 2024.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE